Green, J.
delivered the opinion of the court.
In the first place, we will consider what was decided in the circuit court, at the time the certiorari was dismissed. The cause was then before the court, only as it appeared in the petition for a certiorari. The defence now made was not stated as a ground for relief in that petition. The only ground stated, was, tire allegation of an insufficient excuse for not returning the execution. The court, then, in dismissing the petition for a certiorari, decided only, upon the sufficiency of the petition. Having decided that it was insufficient, and dismissed the certiorari, the court proceeded, as it was bound to do by the act of 1817, ch. 119, to render judgment for the amount of the judgment in the court below. This, as has been decided, at the present term, in the case of Marshall and others vs. Hill and Henderson., the court was bound to do, with *110 out having any reference to the merits of the case, except as they were disclosed in the petition. There was no facts then involved, or that could possibly be involved in the rendition of the circuit court judgment, except those which were presented in the petition. In relation to this judgment, then, there was no error in fact existing, or that could by possibility be corrected by the writ of error, coram nobis. What then was corrected, or what judgment was to be revoked by the writ of error? The answer is, the county court judgment, against which the certiorari was intended to relieve the party. But that judgment was merged in the judgment, which was pronounced in the circuit court, when the certiorari was dismissed. It no longer remained in force. Its revocation could not, therefore, affect the circuit court judgment, which was properly entered, without having any regard to the merits of the case, as it existed in the county court, except so far as they might have been stated in the petition. It necessarily follows, that the defendants in error, could no more have the writ of error, coram, nobis, than they could have had another certiorari. If there existed any facts of which they could not avail themselves in their first application for a certiorari, or which they were prevented from obtaining the benefit of, by the conduct of the other party, unmixed with negligence or fault on their part, they could have obtained relief in equity, where alone they could be afforded a remedy after the dismissal of the certiorari, and the judgment thereupon entered. But if they might have had the benefit, in that petition, of all the facts which they now set up against the judgment, and failed from mere negligence of availing themselves thereof, their remedy is gone for ever.
The defendants in error are not entitled to a writ of error coram nobis, because they have had aa day in court,” by means of the certiorori. It cannot be objected to this, that the certiorari was dismissed, so that they could not get a decision on its merits, and, therefore, it is the same as *111 though they had not been in court. It was their own fault that they did not state their true and available defence in the petition. The fact existed then, as well as now, i! -i ni- and they must, m the nature oí things, have known of ■ • . ° ' its existence. As it is a principle, that nothing can be assigned for error which the party might have pleaded to the action when he had a proper time for doing so, it follows that this writ, cannot be resorted to, for the purpose of showing a fact, which might have been stated in the petition, and of which the parties in that way could have availed themselves. 6 Com. Dig. Tit. Pleader, 459.
Note by the Court. The proposition assumed in this opinion, that the “judgment of the couuty court was merged in the “judgment of the circuit,court,” is intended to apply to cases only, (like this,) where the whole cause is carried up by appeal or certiorari; and not to eases where writs of error are prosecuted, and no supersedeas has been granted.
For these reasons we think the judgment ought to be reversed, and, that the plaintiff in error is entitled to the benefit of his judgment in the circuit court.
Judgment reversed.